UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

## *Minutes of Proceeding*

| | |
|---|---|
| Date: July 10, 2013 | HONORABLE HOWARD TALLMAN, Presiding |

| In re: | Jason Craig Bullis | Debtor | Case No: 13-15624-HRT |
|---|---|---|---|
| | | | Chapter 7 |

Appearances:

| Debtor(s) | no appearance | Counsel | |
|---|---|---|---|
| Creditor | | Counsel | |
| Creditor | | Counsel | |

| Proceedings: | [XXX] **Evidentiary Hearing** | [ ] **Non-evidentiary Hearing** |
|---|---|---|

Reaffirmation advisement hearing concerning Reaffirmation Agreements between Debtor(s) and Capital One, N.A. - Best Buy Co., (docket #19), and Capital One, N.A. - Furniture Row (docket #20).

[ ]   The Debtor(s) appeared and the Court gave the required advisement and heard statements in support of the agreement.

[X]   The Debtor(s) did not appear and the Court was unable to give the required advisements.

Orders:

The Court takes the following action with respect to the Reaffirmation Agreement between the Debtor(s) and Capital One, N.A. - Best Buy Co., (docket #19):

[ ]   The Court approves the agreement because it finds 11 U.S.C. § 524(c)(6)(A) is satisfied.

[ ]   The Court cannot approve this agreement because it finds 11 U.S.C. § 524(c)(6)(A) is not satisfied.

[ ]   The Court disapproves the reaffirmation agreement because a presumption of undue hardship appears under § 524(m) and the presumption has not been satisfactorily rebutted.

[ ]   Because the reaffirmation agreement concerns a consumer debt secured by real estate, under 11 U.S.C. § 524(c)(6)(B), the Court need not approve the agreement under 11 U.S.C. § 524(c)(6)(A) for it to be enforceable.

[X]   The agreements are not approved due to the non-appearance of the Debtor(s).

Date: July 10, 2013

FOR THE COURT:

*Kelly J. Sweeney, Acting Clerk of the Bankruptcy Court*

/s/

By: __Margaret Muff__

Courtroom Deputy

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

*Minutes of Proceeding*

Date: July 10, 2013                                              HONORABLE HOWARD TALLMAN, Presiding

| | | | | |
|---|---|---|---|---|
| In re: | Jason Craig Bullis | | Debtor | Case No: 13-15624-HRT |
| | | | | Chapter 7 |

Appearances:

| | | | | |
|---|---|---|---|---|
| Debtor(s) | Jason Craig Bullis | Counsel | pro se | |
| Creditor | @ | Counsel | @ | |
| Creditor | | Counsel | | |

Proceedings:        [XXX] **Evidentiary Hearing**        [ ] **Non-evidentiary Hearing**

Reaffirmation advisement hearing concerning Reaffirmation Agreement between Debtor(s) and Capital One, N.A. - Furniture Row, (docket #20).

[@]  The Debtor(s) appeared and the Court gave the required advisement and heard statements in support of the agreement.

[ ]  The Debtor(s) did not appear and the Court was unable to give the required advisements.

Orders:

The Court takes the following action with respect to the Reaffirmation Agreement between the Debtor(s) and Capital One, N.A. - Furniture Row, (docket #20):

[@]  The Court approves the agreement because it finds 11 U.S.C. § 524(c)(6)(A) is satisfied.

[ ]  The Court cannot approve this agreement because it finds 11 U.S.C. § 524(c)(6)(A) is not satisfied.

[ ]  The Court disapproves the reaffirmation agreement because a presumption of undue hardship appears under § 524(m) and the presumption has not been satisfactorily rebutted.

[ ]  Because the reaffirmation agreement concerns a consumer debt secured by real estate, under 11 U.S.C. § 524(c)(6)(B), the Court need not approve the agreement under 11 U.S.C. § 524(c)(6)(A) for it to be enforceable.

[ ]  The agreement is not approved due to the non-appearance of the Debtor(s).

Date:  July 10, 2013                                              FOR THE COURT:

*Kelly J. Sweeney, Acting Clerk of the Bankruptcy Court*

/s/

By: _____

Judicial Law Clerk